

**Alexander M. Sugzda**

212-584-1812
asugzda@cohenziffer.com

1325 Avenue of the Americas
New York, NY 10019

212-584-1890 P
212-584-1891 F

May 27, 2025

**VIA ECF**

Hon. Jennifer E. Willis, U.S.M.J.
United States District Court
Southern District of New York
40 Foley Square, Room 425
New York, NY 10007

> RE:    ***Plaza Home Mortgage, Inc. v. Ass'n of Certified Mortgage Originators Risk Retention Group, Inc.***, ***et al.***, **No. 1:24-cv-02191-LTS-JW (S.D.N.Y.)**

Dear Judge Willis:

We represent Plaza Home Mortgage, Inc. ("Plaza"), in the above-referenced action. Pursuant to the Court's April 2, 2025 Order (ECF No. 51) (the "April 2 Order"), we write in response to Defendants' May 21, 2025 status update (ECF No. 56) (the "May 21 Update"). The May 21 Update is, once again, deficient. The April 2 Order required Defendants to provide an initial update of "when [they] anticipate completing the production of [responsive] documents" by April 21. ECF No. 51 at 1. Defendants did not do that in their status update letter on April 21, and, in the May 21 Update, Defendants *still* have not provided this information.

Instead, Defendants appear to be essentially in the same spot they were a month ago. In their April 21 letter, Defendants stated that they "anticipate it will take at least 2 weeks for [their] e-discovery vendor to process all [collected] data from a hard drive into the e-discovery software." ECF No. 52 at 1. In the May 21 Update, Defendants stated that their e-discovery vendor is *still* "processing the data into the e-discovery software." ECF No. 56 at 1. Defendants have provided no indication of how many documents or pages there are to review, how many are documents with search result hits and how many documents are in families with those documents with search result hits, the result of any de-duplication of documents across custodians, as well as no explanation of why none of this can be done on a rolling basis such that meaningful updates can be provided, and documents can be reviewed, in the interim. Two months of Defendants' requested six-month extension of discovery have elapsed, and not only have Defendants not produced a single additional document, by their own admission, they have not even *reviewed* a single additional document.

Hon. Jennifer E. Willis, U.S.M.J.
May 27, 2025
Page 2

Defendants claim they collected a large volume of documents, and that has increased processing time, and they will undoubtedly claim that will increase the amount of time needed for review and production of documents as well. But Plaza offered to work with Defendants to narrow their search terms and reduce that burden (*see* ECF No. 53 at 2), and Defendants have made no effort whatsoever to do so. Defendants appear to be delaying performing this work as long as possible, hoping this Court's busy docket will keep it from focusing on this matter and that in several months' time they can come back to the Court with a high volume of documents remaining to review and use that to obtain even *more* time for discovery, creating even further delay for Plaza to obtain the insurance recovery (and other damages) it is owed.

To that end, in order to assist the Court and Plaza in assessing Defendants' progress, Plaza requests the Court's permission pursuant to Local Rule 33.3(b) to serve the following interrogatories on Defendants:

1. When did each Defendant run the search terms shared with Plaza on April 3, 2025?
2. When did Defendants provide the data from those searches to counsel?
3. When did Defendants provide their e-discovery vendor this compressed data?
4. How long did it take Defendants' e-discovery vendor to decompress the data?
5. When did Defendants' e-discovery vendor begin processing the data into their e-discovery software?
6. How much data has Defendants' e-discovery vendor processed, and how much data remains unprocessed?
7. Describe the de-duplication process employed by Defendants and their e-discovery vendor.
8. How many documents were removed by de-duplication?
9. Provide a search term hit report identifying the total number of documents and pages collected, how many documents collected from each custodian contain each search term, and how many documents are family members of each such document.

Plaza further requests that these interrogatories not count toward the limit of twenty-five interrogatories allowed by Fed. R. Civ. P. 33(a)(1) given the unique circumstances under which the need for these questions has arisen.

Finally, while Defendants state that Plaza is "unwilling to attend a settlement conference," of this action and the related action, *Best Partners Mortgage Cooperative, Inc. d/b/a Lenders One v. Plaza Home Mortgage, Inc.*, No. 1:24-cv-05184-LTS-JW (the "Lenders One Action"), ECF No. 56 at 1, Defendants are also unwilling. *See* ECF No. 55 at 1 ("Defendants took the position that they could not agree to a settlement conference until Plaza produced certain documents in" the Lenders One Action.) The Parties are continuing direct settlement negotiations, and Plaza is willing to further consider whether a settlement conference could be a productive exercise as those negotiations (hopefully) progress.

Plaza thanks the Court for its time and attention to this matter.

Hon. Jennifer E. Willis, U.S.M.J.
May 27, 2025
Page 3

Respectfully submitted,

Alexander M. Sugzda

cc:    All Counsel of Record – via ECF